Day, J.
 

 This is an action by the receiver of an insolvent corporation to recover from the defendant, one of the subscribers to the stock of the corporation, the unpaid amount of his stock subscription. The question is whether the defendant, a stockholder, may set off in such action certain claims he has against the corporation.
 

 It is well settled that the mere appointment of a receiver does not deprive a debtor of the corporation of the right of set-off.
 
 Hade, Recr.,
 
 v.
 
 McVay, Allison & Co.,
 
 31 Ohio St., 231;
 
 Armstrong, Recr.,
 
 v.
 
 Warner,
 
 49 Ohio St., 376, 31 N. E., 877, 17 L. R. A., 466. If a stockholder obligated to the company for unpaid stock is to be regarded as like any other debtor of the company, he is entitled to the benefit of that right.
 

 The right of set-off when asserted as against an insolvent person or corporation always involves a preference. The person receiving the set-off is credited with the full amount of his claim, while other creditors receive only their pro rata share of
 
 *115
 
 the assets of the insolvent. Whether a stockholder indebted to the corporation on his stock subscription should be entitled to receive such a preference by receiving a credit upon such subscription for the full amount of his claims against the company is the question presented by this case. By the decided weight of authority, a stockholder under such circumstances is not entitled to the right of set-off.
 

 “According to the great majority of the courts, a stockholder in a corporation is not, after the insolvency of the corporation, entitled to set off a claim held by him against the corporation against his liability for unpaid stock subscriptions.” 10 Ohio Jurisprudence, Section 439.
 

 See, also, 7 Fletcher on Corporations, page 7456, Section 4246; 1 Cook on Corporations (8th Ed.), Section 193; 7 Thompson on Corporations (3d Ed.), Section 5839
 
 et seq.;
 
 14 Corpus Juris, 1044; L. B. A., 1918E, 243; 7 Ruling Case Law, 411. This is upon the theory that third persons dealing with a corporation are entitled to assume that the capital stock has been or ultimately will be paid in full. The capital stock has been termed a trust fund for the .creditors.
 

 The latest and in fact the only pronouncement of this court on the subject is the case of
 
 Niles, Assignee,
 
 v.
 
 Olszak,
 
 87 Ohio St., 229, 100 N. E., 820, L. R. A., 1918E, 238, Ann. Cas., 1913E, 1020. In that case the corporation was a savings and loan association, and the set-off claimed by the stockholder was based upon money deposited with the association. The court, in a well-considered opinion by Johnson, J., held that the stockholder was entitled to set
 
 off
 
 the deposit against Ms unpaid stock subscription.
 
 *116
 
 The court recognized the general rule and restricted its decision to the facts of the particular case. The court laid great emphasis on the statute forbidding such association from beginning business until fifty per cent, of its stock had been paid in, implying that creditors of the association were chargeable with knowledge that no more than this amount had been paid. See discussion of the
 
 Olszak case
 
 in
 
 Kiskadden
 
 v.
 
 Steinle,
 
 (C. C. A.), 203 F., 375, 381. The court further called attention to the fact that deposits are made in such associations with the intention and understanding that they shall be used to pay the depositors’ stock subscriptions, and that this is common knowledge. The scope of the case is also restricted by the syllabus.
 

 Bearing in mind the salutary rule applied in most jurisdictions, we are not inclined to extend the rule of the
 
 Olszak case
 
 beyond its particular facts. We hold that the defendant is not entitled to the set-off claimed in his cross-petition.
 

 The Court of Appeals allowed the defendant as a credit the fifteen per cent, commission due him for the sale of his own stock, and we hold that this ruling was correct. This credit arose out of the same transaction as the claim against him. The net amount to which the corporation became entitled under his subscription was 85 per cent, of the subscription price of his stock, never the full amount. Moreover, the plaintiff below, defendant in error here, does not object to the allowance of this credit.
 

 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 MAR.ftTTAT.T,, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.